Filed 7/16/26  Romo v. Valadez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| IRENE ROMO, | B346493 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STFL06227) |
| v. | |
| ABELINO ROMO VALADEZ, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Nicole C. Bershon, Judge.  Affirmed.

Irene Romo, in pro. per., for Plaintiff and Appellant.

Law Offices of John M. Credell and John M. Credell, for Defendant and Respondent.

———————————————

Irene Romo appeals from a judgment on reserved issues in a dissolution of marriage proceeding. Because Romo has not established any basis for reversal, we affirm the judgment.

## BACKGROUND

In 2020, Romo petitioned for dissolution of her marriage to respondent Abelino Romo Valadez.

The trial court entered judgment as to the parties' legal status in March 2023. The matter proceeded to a bench trial on reserved issues, and the trial court entered a minute order reflecting its decision on January 14, 2025. As relevant to this appeal, the court found insufficient evidence that Valadez could increase spousal support payments, and denied Romo's request for an increase in such payments. The court found that a 2012 Chevrolet Suburban and a 2003 Chevrolet Tahoe "were returned and are not charged against the community." And it ordered Valadez to provide Romo with a list of clients from his landscaping business by February 14, 2025. The court directed the parties to prepare a judgment for the court's signature and filing and set a February 26, 2025 order to show cause hearing regarding entry of judgment.

On February 25, 2025, Romo filed a "declaration in lieu of personal testimony . . . ." The declaration did not accompany any motion or other request. On the final page of the declaration, Romo requested that the court order equitable distribution of "the gardening company," a 2012 Chevrolet Suburban, a 2003 Chevrolet Tahoe, a 2003 Chevrolet Silverado, and a 2012 GMC Sierra. The declaration also requested modification of spousal support. It attached approximately 50 pages of documents, including what Romo described as evidence of Valadez's income and car insurance records.

2

The court continued the order to show cause hearing regarding entry of judgment, previously scheduled for February 26, 2025, to April 4, 2025.

On March 4, 2025, the trial court entered judgment on reserved issues consistent with its January 14, 2025 order. Romo timely appealed.[1]

## DISCUSSION[2]

On appeal, Romo challenges the trial court's January 14, 2025 order, which was incorporated into the March 4, 2025 judgment. Romo argues that the trial court abused its discretion

---

[1] Valadez's counsel served the March 4, 2025 notice of entry of judgment on Romo. Ordinarily, when a party is served "with a document entitled 'Notice of Entry' of judgment . . . accompanied by proof of service," this triggers a 60-day time to appeal. (Cal. Rules of Court, rule 8.104(a)(1)(B).) The proof of service accompanying the notice is dated January 31, 2025. That date precedes the date of the judgment and is necessarily inaccurate. Because the record does not establish that the 60-day time to appeal was triggered, under rule 8.104(a)(1)(C), Romo was required to file her notice of appeal within 180 days of the judgment, or on or before September 1, 2025. (Cf. *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, 58 [noncompliant service did not trigger 60-day time to appeal].) The notice of appeal was therefore timely filed, on May 14, 2025.

[2] We deny Romo's motion to augment the record on appeal with a document entitled "Judgment Obje[c]tions," which she filed in the trial court 16 days after the judgment was entered. Romo does not reference this document in her appellate briefing and fails to otherwise explain its significance. (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1 [denying motion to augment record with irrelevant materials].)

3

by declining to increase Valadez's spousal support payments. She also contends that the court's determination that four vehicles and one business were not community property is unsupported by substantial evidence.  We disagree and affirm.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)  An appellant must also "provide adequate record citations" to support any challenge to a trial court's ruling.  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*); Cal. Rules of Ct., rule 8.204(a)(1)(C) [same].)  And " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Jameson*, at p. 609.)  "The same rules apply to a party appearing in propria persona as to any other party."  (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

Romo's opening brief did not cite even once to the record on appeal, and she did not file a reply brief.  "The appellate court is not required to search the record on its own seeking error.  If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived."  (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061 (*LA Investments*); see also *Hernandez, supra*, 37 Cal.App.5th at p. 277 [appellant's burden is to support arguments with record citations]; Cal. Rules of Court, rule 8.204(a)(1)(C) [same].)  Romo therefore forfeited her arguments on appeal.

Even if we were inclined to search the appellate record on Romo's behalf, we would still reject her claims. Romo asserts that the trial court abused its discretion by declining to increase Valadez's spousal support payments. (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 104 [" 'we review the trial court's (spousal support) modification decision for abuse of discretion' "].) She specifically contends that the court ignored or minimized evidence of Valadez's income, Romo's cancer history and financial needs, and a "psychological declaration documenting abuse and emotional harm." Romo also asserts that a 2012 Chevrolet Suburban, a 2003 Chevrolet Tahoe, a Chevrolet Silverado, and a 2012 GMC Sierra were acquired during marriage and are community property, and that the court's findings to the contrary are unsupported by substantial evidence. Finally, Romo argues that the court erred by failing to recognize a landscaping business as community property.

Although Romo's arguments are unsupported by citations to the record, some of her contentions appear to reference documents in the clerk's transcript. For example, the record includes a document that Romo described as Valadez's "black notebook . . . showing his income," and records of Romo's health problems. It also contains insurance records indicating that several vehicles were covered by automobile insurance for which Valadez was the named insured. And the record includes several checks made out to Valadez for gardening services. However, all of these materials were attached to a declaration that Romo filed six weeks after the January 14, 2025 bench trial.[3] Our analysis

---

[3] The declaration was filed alone, and not in conjunction with any motion. (Cf. Code Civ. Proc., § 659, subd. (a)(1) [motion for

is limited to the " 'record of matters which were before the trial court for its consideration.' " (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Since the documents were not before the court when it made the challenged ruling, we cannot consider them on appeal. To the extent that Romo means to argue that the same documents were submitted to the court during or before trial, that the trial court erred by ignoring this post-trial evidence, or that this court should consider the documents in the first instance, we reject her contentions as forfeited because they are unsupported by any legal authority or reasoned argument. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.)

Even assuming that the trial court considered the evidence attached to Romo's post-trial declaration, we would nonetheless conclude that Romo forfeited her arguments on appeal by providing an inadequate appellate record. (*Jameson, supra,* 5 Cal.5th at p. 609.) The only documents included in the clerk's transcript are the January 14, 2025 minute order, Romo's February 25, 2025 declaration, the notice of appeal, and the notice designating the record on appeal.[4] The record does not

___

new trial may be filed "[a]fter the decision is rendered and before the entry of judgment"].)

[4] Romo designated a black notebook containing Valadez's income records and certain car insurance documents to be included in the clerk's transcript. The notice designating the record on appeal specifies that any exhibits returned to a party must be delivered by that party to the superior court in order to be included in the record on appeal. The designated exhibits were omitted from the clerk's transcript, and Romo did not take any steps to augment the appellate record to include them. (Cal. Rules of Court, rule 8.155(a)(1)(A) [party may move to augment record with documents filed below].)

include anything submitted to the trial court before or during trial. For example, the clerk's transcript establishes that Valadez submitted a trial brief and exhibit list, and he also testified at trial, but the appellate record does not contain any of Valadez's evidence. Because Romo failed to provide an adequate record, we must presume that the trial court's ruling is supported by the evidence presented at trial. (*LA Investments*, *supra*, 75 Cal.App.5th at p. 1062; *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 513 [rejecting substantial evidence challenge as forfeited where appellant failed to "set forth, discuss, and analyze both the favorable and unfavorable evidence"].)

Finally, the record is also inadequate because Romo failed to procure a reporter's transcript of the bench trial or a settled statement. "In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be indispensible." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) Without any record of what occurred at trial, we cannot say that the trial court abused its discretion, nor can we conclude that its findings were based on insubstantial evidence.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


ADAMS, Acting P. J.


KARNOW, J.*

---

\*      Retired Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.